UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:20-cv-60124-WPD

HOWARD COHAN,

    Plaintiff,

vs.

OFFICE DEPOT, INC.

    Defendant.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND FOR DISMISSAL**

Plaintiff, Howard Cohan and Defendant, Office Depot, LLC ("Office Depot"), as the successor-in-interest by merger to Defendant, Office Depot, Inc., pursuant to S.D. Fla. L. R. 16.2(f) and Fed. R. Civ. P. 41(b), jointly move for the entry of an Order approving the parties' attached Settlement Agreement (Exhibit A) and, only upon condition that the Court determines it appropriate to approve the Settlement Agreement and retain jurisdiction to enforce it, then in that event, further ordering that this action be otherwise dismissed with prejudice.

    1.    Plaintiff initiated this suit for injunctive relief under the Americans with Disabilities Act ("ADA"). Plaintiff alleged there were architectural barriers existing at Defendant's retail stores (2) that constitute violations of the ADA and that unlawfully limited the Plaintiff's access to the stores. Defendant denies the allegations of Plaintiff's Complaint and raised defenses to Plaintiff's claim.

    2.    However, the Parties have nevertheless reached an agreement to voluntarily resolve all of the issues raised in the litigation as reflected in the attached Settlement Agreement. Accordingly, the Parties now move for the entry of their proposed Order approving the Settlement

Agreement and, only upon condition of such court-approval, then otherwise ordering that this action be dismissed with prejudice. *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, (11th Cir. 2012) (a district court may retain jurisdiction over a settlement agreement where the parties condition the effectiveness of their stipulation for dismissal upon the district court's entry of an order retaining jurisdiction).

3. Particularly in litigation arising under Title III of the ADA, there is a clear policy in favor of encouraging and approving settlements. *See generally, American Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1318 (11th Cir. 2002) (approving retention of jurisdiction over ADA settlement agreement); *see also, Assoc. for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457 (S.D. Fla. 2002); *Access Now, Inc. v. Ambulatory Surgery Center Group, Ltd.*, 197 F.R.D. 522 (S.D. Fla. 2000). Thus, where judicial approval of settlements is sought or required, the Court's approval should be given so long as the settlement is fair, adequate and reasonable, and is not the product of collusion between the parties. *Bennett v. Behring Corp.*, 737 F.2d 982 (11th Cir. 1984).

4. In this case, the Court should approve the parties Settlement Agreement. Defendant has agreed to address multiple issues raised by Plaintiff to provide greater accessibility for patrons with disabilities, even though disputing the allegations that the stores were otherwise inaccessible or that such modifications are required or "readily achievable," and no such finding of liability has been made. Moreover, the settlement reached is the most efficient and effective means to allow Plaintiff and others similarly situated, continued access to the stores. In addition, the Settlement Agreement provides a simple and more efficient scheme for addressing any additional or similar issues that might arise in the future.

5. The Settlement Agreement is also reasonable. The Settlement Agreement was reached after inspections of the premises by each side and arms-length negotiations between

counsel experienced in ADA Title III matters. The Settlement Agreement also provides the greatest degree of uniformity in maintaining consistent solutions to accessibility and modification issues at the store. Finally, the Settlement Agreement avoids the risks inherent in further litigation for both sides, the costs of continuing the litigation, and the delay in achieving such results. In light of the benefits to the Parties offered by the Settlement Agreement, as opposed to the expense, delay and risk entailed in further litigation, it is respectfully submitted that the Court should approve the Settlement Agreement.

WHEREFORE, the Parties jointly request the Court to review their Settlement Agreement and enter their proposed Order approving the Settlement Agreement and, if such approval is given, then otherwise dismissing this action with prejudice.

Pursuant to S.D. Fla. L.R. 7.1(A)(2), a proposed form of Final Order has been electronically submitted to the Court in Word format.

Dated:  November 10, 2020

By:  /s/ Gregory S. Sconzo
Gregory S. Sconzo, Esq.
Florida Bar No. 0105553
Email: greg@sconzolawoffice.com
Secondary:  sconzolaw@gmail.com
SCONZO LAW OFFICE, P.A.
3825 PGA Boulevard
Suite 207
Palm Beach Gardens, FL 33440
Telephone:  (561) 729-0940
Facsimile:  (561) 491-9459

Attorneys for Plaintiff,
Howard Cohan

Respectfully submitted,

By:  /s/ Courtney B. Wilson
Courtney B. Wilson, Esq.
Florida Bar No. 614580
E-Mail:  cwilson@littler.com
Secondary:  kljackson@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone:  (305) 400-7500
Facsimile:  (305) 603-2552

Attorneys for Defendant,
Office Depot, LLC.