# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 0:20-cv-60124-WPD

HOWARD COHAN,

    Plaintiff,

v.

OFFICE DEPOT, INC.,

    Defendant.
_____/

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement"), is entered into by and between Plaintiff, Howard Cohan and Defendant, Office Depot, LLC, as the successor-in-interest by merger to Office Depot, Inc., on the date last executed below ("Effective Date").

WHEREAS, Office Depot is or was the lessee of the below-listed properties and/or operated or operates Office Depot retail stores at the below-listed properties:

1. Store #544 - 8095 Glades Road #1, Boca Raton, FL 33434, and
2. Store #91 - 651 N. University Dr., Coral Springs, FL 33071

(hereinafter collectively referred to as "the Properties"); and

WHEREAS, Cohan has sued Office Depot and claimed that there are architectural barriers existing at the Properties that constitute violations of Title III of the Americans with Disabilities Act as amended ("ADA"), that unlawfully limit Plaintiff's access to the Properties ("Lawsuit"); and

WHEREAS, Office Depot has denied these allegations and has raised defenses thereto;

NOW THEREFORE, Cohan and Office Depot (collectively "Parties" and individually

"Party") wishing to mutually resolve all matters in dispute, and without any admission of liability or wrongdoing, have agreed to the following terms and conditions:

A.   **Modifications to the Properties**

Office Depot agrees to examine the Properties as necessary to determine whether the violations identified in the Lawsuit exist and to make appropriate changes if such violations exist within twenty-four (24) months of the Effective Date of this Agreement. The Parties agree that any delays in making the modifications to the Stores caused by third parties, including but not limited to construction contractors, or city building officials, inspectors, or permitting departments, will not be deemed to render compliance untimely so long as Office Depot makes a good faith effort to effect implementation as soon as reasonably possible thereafter. Provided, that if within the term of this Settlement Agreement Office Depot ceases, in whole or in part, operating places of public accommodation at any of the Properties, or any portion thereof, then no such modifications shall be required as to those Properties or portions of the Properties that are no longer operating as places of public accommodation.

The examination and any required alterations by Office Depot will completely resolve all of Cohan's potential claims concerning the Properties. Cohan expressly waives any claims for any further alterations to the Properties that could have been brought prior to the Effective Date of this Agreement. Cohan will not hereafter assert or claim that any other person or entity is required to make additional or different modifications to the *interior* of the Properties. Cohan expressly agrees that Office Depot is not responsible for such *exterior* features of the property surrounding the Properties, whether identified in the Lawsuit, and including without limitation, features of the public rights of way, parking lots and sidewalks.

4811-4934-7536.1 063095.1249

In the event that Cohan believes at any time in the future that any conditions at the Properties constitute a violation of the accessibility requirements of the ADA or contends that there has been a failure to comply with any other terms of this Agreement, Cohan's counsel shall provide written notice to Office Depot's counsel detailing the claimed violation(s) or breach(es). Office Depot shall thereafter have ninety (90) days to cure such alleged violation or breach.

Should Office Depot's counsel and Cohan's counsel disagree as to any potential modification or as to any other provision of this Agreement, the matter may be taken before a Federal District Court for a binding determination.

**B.    Full Release**

For and in consideration of the covenants contained herein, and in consideration of the total payment described in Section C below, Cohan and his successors, assigns, heirs, agents, attorneys, and any other person claiming by or through any of the foregoing persons or otherwise purporting to represent Cohan, hereby release, acquit and forever discharge Office Depot, its agents, employees, contractors, independent contractors, consultants, experts, heirs, executors, officers, successors-in-interest, shareholders, directors, attorneys, insurers, indemnitors, predecessors, assignees, insurers, franchisors, successors, subsidiaries, parents, divisions, affiliates, partners, managers, members, and/or administrators, of and from any and all past, present, and future rights, actions, causes of actions, claims, allegations, demands, damages, costs, expenses, attorney fees (alleged or incurred), penalties, liens, and liabilities relating in any way to the Properties, including but not limited to, those specifically alleged by Cohan in the Lawsuit.

Example of claims released by this Section include physical or mental injury, pain and suffering, prejudgment interest, compensatory damages, penalties, interest, punitive and exemplary damages, insurance and/or reinsurance coverage, benefits, premiums, or medical

expenses for treatment Cohan may have received, or may receive in the future; this list is not exhaustive.

However, excluded from this Agreement are claims that cannot be waived by law.

**C.     Payment of Costs and Attorneys' Fees**

Office Depot shall cause to be paid to Plaintiff's counsel, Sconzo Law Office, P.A., an amount in complete satisfaction of Plaintiff's claims for attorneys' fees, litigation expenses and expert fees, and costs incurred in this matter to date and to be incurred in the future in connection with finalizing this Agreement, including obtaining Court approval of this Agreement and dismissal of the Lawsuit. The amount to be paid shall be determined by a separate written agreement of counsel for the Parties but if no agreement is reached, then the amount will be determined by the Court ("Settlement Payment"). The Settlement Payment shall be paid to Plaintiff's counsel in the form of a check, payable to "Sconzo Law Office, P.A." and conditioned upon an executed IRS Form W-9 from Sconzo Law Office, P.A., being provided to Office Depot prior to payment. Payment shall be delivered to Plaintiff's counsel within fifteen (15) business days of the date the Court enters an Order approving this Agreement and dismissing the Lawsuit, with prejudice. The Settlement Payment satisfies any and all claims made, or which could have been made, whether monetary and/or non-monetary, including all the claims released in Section B above, and any future claims for attorneys' fees, costs, and/or other expenses, whether known or unknown.

D.  **Court Approval/Dismissal of Lawsuit.**

Upon the execution of this Settlement Agreement, the parties hereby agree and will request the Court to adopt and approve the terms of this Settlement Agreement, reserve jurisdiction to enforce this Settlement Agreement, and to otherwise dismiss with prejudice all claims which were or could have been brought in the Lawsuit. This Settlement Agreement will become effective only when and if approved by the Court in this manner.

E.  **No Admission**

This Agreement, and the agreement of Office Depot to make the Modifications, is not and shall not be construed as an admission by Office Depot, nor any person or entity acting on their behalf, of any liability or any act of wrongdoing.

F.  **Successors & Assigns**

This Agreement shall be binding upon and inure to the benefit of the parties to this Agreement and their respective predecessors, successors and/or assigns. Provided, however that a subsequent lessee or operator of any of the Properties shall not be bound to the terms of this Agreement unless such assignee or successor continues, without interruption, to operate an Office Depot retail store at the property.

G.  **Tax Liability**

Cohan takes complete responsibility for any tax liability from the receipt of any settlement monies under this Agreement. Neither Office Depot nor its counsel has made any representation to Cohan with respect to the tax consequences of entering into this Agreement.

H.  **Invalidation**

If any provision of this Agreement is invalidated by a Court of competent jurisdiction, then all of the remaining provisions of this Agreement shall remain in full force and effect,

provided that the Parties may still effectively realize the complete benefit of the promises and considerations conferred hereby.

**I.     Drafting**

The Parties acknowledge that Plaintiff and Defendant were represented by counsel who negotiated the terms of this Agreement for the benefit of each of their respective clients. Accordingly, the language in all parts of this Agreement shall be in all cases construed according to its fair meaning and not more strictly for or against either party.

**J.     Governing Law**

This Agreement shall be governed by and construed in accordance with the laws of the state of Florida and, where applicable, the ADA without regard to principles of conflicts of law and any suit arising as a result of a breach of this Agreement shall be filed in the Federal Court for the United States, Southern District of Florida or in the Circuit Court in and for Palm Beach County, Florida.

**K.     Counterparts**

The Parties agree that this Agreement and any and all other documents in connection with settlement of this matter may be executed in exact counterparts, each of which shall be deemed an original but all of which taken together shall constitute one and the same instrument. Any signature page delivered by facsimile transmission or e-mail shall be treated in all manner and respects as an original document. Electronic signatures shall be treated as original signatures.

**L.     Construction**

The headings and captions of this Agreement are provided for convenience only and are intended to have no effect in construing or interpreting this Agreement.

**M.     Purpose of Agreement**

It is expressly understood and agreed by the Parties that this Agreement is being entered into solely for the purpose of avoiding the costs, expense and inconvenience of further litigation and this Agreement is not to be construed as an admission of liability on the part of any person, firm, or corporation being released, such liability being expressly denied.

N.     **Warranty of Capacity to Enter into this Agreement**

Each of the Parties represents and warrants that no other person or entity has any interest to the claims, demands, or obligations referred to in this Agreement, and that each Party has the sole right and exclusive authority to execute this Agreement, and that each Party has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands or obligations released or referred to in this Agreement.

DATED: 11/1/2020

_____
Howard Cohan

DATED: 11/6/2020

Office Depot, LLC
By: _____
Its: V.P., AGC